United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51078
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN FRANCISCO CHAVIRA-CRUZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-465-1-DB
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan Francisco Chavira-Cruz appeals his jury convictions for conspiracy to possess with intent to distribute 1000 or more kilograms of marijuana and possession with intent to distribute 1000 or more kilograms of marijuana. He argues that the district court abused its discretion in admitting hearsay evidence, including a Treasury Enforcement Communication System (TECS) report showing that Chavira-Cruz and others involved in the offense crossed the border into the United States from Mexico at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

approximately the same time on the same date. Because Chavira-Cruz did not object to the TECS report on hearsay grounds in the district court, review is limited to plain error. See United States v. Polasek, 162 F.3d 878, 883 (5th Cir. 1998). The district court did not plainly err in admitting the TECS report as it was admissible as a public record pursuant to FED. R. EVID. 803(8). See United States v. Puente, 826 F.2d 1415, 1417-18 (5th Cir. 1987).

Chavira-Cruz argues that the district court abused its discretion in admitting the statement of Juan Perez-Chavez because the Government did not allege that Perez-Chavez was a coconspirator and the conspiracy had ended at the time the statement was made. The statement was offered to prove that Perez-Chavez and Chavira-Cruz both used similar cover stories -- they told police that they had come to the United States to find out how to import various items into Mexico from the United States. Because the statement was not offered to prove the truth of the matter asserted, the statement was not hearsay, and the district court did not abuse its discretion in admitting the statement into evidence. See United States v. Johnston, 127 F.3d 380, 394 (5th Cir. 1997).

Chavira-Cruz argues that the district court abused its discretion in admitting the English translation of his handwritten statement made in Spanish. Chavira-Cruz's statement was not hearsay because it was admissible as a party admission pursuant to FED. R. EVID. 801(d)(2). See United States v. Dixon, 132 F.3d 192, 198 (5th Cir. 1997). The district court did not abused its

discretion in admitting the English translation of the statement as a translation does not create an additional level of hearsay.  See United States v. Codero, 18 F.3d 1248, 1253 (5th Cir. 1994).

AFFIRMED.